# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 10-20653
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ZAMORA, also known as Jimmy, also known as Primo, also known as Tio,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-476-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Zamora appeals his guilty plea conviction for conspiracy to possess with the intent to distribute five kilograms or more of cocaine. Zamora argues that the district court plainly erred by failing to strictly comply with Federal Rule of Criminal Procedure 11 when admonishing him of his rights at the rearraignment proceeding. Specifically, Zamora contends that the court failed to advise him of the court's authority to order restitution, as required by Rule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11(b)(1)(K).  He acknowledges that no restitution was ordered and that the district court complied with every other aspect of Rule 11.

Because Zamora failed to object in the district court, our review is limited to plain error.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it . . . ."  *Id.* at 82.  Zamora has pointed to nothing in the record to show that but for the court's omission, he would not have pleaded guilty.  Therefore, Zamora has not met his burden to establish that he is entitled to relief for plain error.  *See id.* at 83.

Accordingly, the judgment of the district court is AFFIRMED.